UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JEFFREY FRY, | ) | CASE NO: 1:24-CV-00126 |
| Plaintiff, | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| v. | ) | |
| PHIL R. STAMMITTI, *et al.*, | ) | **OPINION AND ORDER** |
| Defendants. | ) | |

Lorain County Sheriff's Office Defendants Sergeant Jennifer Jones, Corrections Officer James Pufnock, Corrections Officer Asa Vinczi, Corrections Officer Scott Loughrie, Corrections Officer Jeff Brlas, Corrections Officer Robert Hall, Corrections Officer Shaq McCoy, Corrections Officer Frank Day, Corrections Officer John Parks, and Corrections Officer Patty Evans (collectively, "Defendants") move this Court for an order directing Plaintiff Jeffrey Fry ("Plaintiff") to submit to a medical examination pursuant to Rule 35(a) of the Federal Rules of Civil Procedure.  (Doc. 42.)  Plaintiff opposed the motion (Doc. 49), and Defendants replied (Doc. 50).  For the reasons set forth herein, the motion is DENIED.

I.  **BACKGROUND**

This federal civil rights action alleges excessive use of force by various employees of the Lorain County Sheriff's Office, among others, resulting in Plaintiff suffering "a permanent spinal cord injury resulting in paralysis, chronic pain, and disability."  (Doc. 18 at ¶ 6 (First Amended Complaint).)

At the Case Management Conference, the Court set deadlines, including:

- non-expert discovery: September 6, 2024;
- expert reports for party bearing the burden of proof: October 11, 2024;

- responsive expert reports: November 22, 2024;
- expert discovery: January 31, 2025.

(Doc. 17.)  Those deadlines have twice been extended (Non-Document Order dated September 6, 2024; Non-Document Order dated December 5, 2024), and so the current deadlines are:

- non-expert discovery: February 6, 2025;
- expert reports for party bearing the burden of proof: March 10, 2025;
- responsive expert reports: April 21, 2025; and
- expert discovery: June 21, 2025.

(Non-Document Order dated December 5, 2024 ("Scheduling Order").)

As relevant here, Defendants timely designated Dr. Gerald Steiman as an expert witness. (Doc. 42 at 366.)  On April 21, 2025, Defendants produced his report.  (Doc. 49 at 382.)  In the report, Dr. Steiman stated an independent medical examination of Plaintiff would need to be concluded before he could opine on whether Plaintiff suffers from a current disability, potential treatment plans, and a prognosis for recovery.  (Doc. 42 at 366.)

On June 4, 2025, the Court held a status conference with the parties regarding an unrelated discovery dispute.  (Minute Order dated June 4, 2025.)  At the conference, the Court extended the close of expert discovery to August 20, 2025.  (*Id.*)  No expired deadlines (non-expert discovery or expert reports) were extended.  The parties subsequently scheduled several expert depositions from August 11 through August 20.  (Doc. 49 at 383.)  Dr. Steiman's deposition is scheduled for August 12.  (*Id.*)

On June 30, 2025, Defendants requested Plaintiff submit to an independent medical examination with Dr. Steiman.  (Doc. 49 at 382.)  Plaintiff refused to participate because he considered the request untimely.  (*Id.* at 383.)  On July 9, 2025, Defendants requested an order directing Plaintiff to submit to a medical examination with Dr. Steiman on August 7, 2025. (Doc. 42.)  That motion is fully briefed.  (Docs. 49, 50.)

## II. ANALYSIS

Rule 35 of the Federal Rules of Civil Procedure authorizes courts to "order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner."  Fed. R. Civ. P. 35(a)(1).  A court may issue an order "only on motion for good cause" and must "specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it."  Fed. R. Civ. P. 35(a)(2)(A)-(B).  The parties do not dispute Plaintiff's "mental or physical condition" is in controversy.  (Doc. 42 at 365; Doc. 49 at 383.)  They also do not dispute Dr. Steiman is a witness subject to the written report requirements set out in Rule 26(a)(2)(B).  Instead, the dispute is limited to whether Defendants' request for a Rule 35 medical examination is timely.

Pursuant to the Court's scheduling order and subsequent extensions, fact discovery concluded on February 6, 2025.  Expert reports for the party bearing the burden of proof were due March 10, 2025.  Responsive expert reports were due April 21, 2025.  These deadlines came and went without a Rule 35 examination request.  Of note, Dr. Steiman's expert report "explicitly referenced the need for an independent medical examination of Plaintiff in order for Dr. Steiman to opine on whether Plaintiff suffers a current disability, whether future treatment may be necessary, or a prognosis for recovery."  (Doc. 42 at 366.)

Under Rule 26, an expert witness's report must contain "a complete statement of all opinions the witness will express and the basis and reasons for them," "the facts or data considered by the witness in forming them," and "any exhibits that will be used to summarize or support them."  Fed. R. Civ. P. 26(a)(2)(B)(i)-(iii).  Dr. Steiman's expert opinion depended on a medical examination of Plaintiff.  Meaning, Dr. Steiman's expert report neither contained a statement of his opinions nor did it set forth the facts and data on which he relied.

For their part, Defendants direct the Court to Dr. Steiman's statement that an independent medical examination will need to occur before he can provide an opinion. (Doc. 42 at 366.) To them, this was sufficient to (a) put, Plaintiff on notice that a request for an independent medical examination was forthcoming and (b) comply with the Court's deadline for producing expert reports. (Doc. 50 at 390.) But the "notice" Defendants claim is nothing more than a placeholder for what may come later—that being an expert report with the information necessitated by Rule 26(a)(2)(B). The promise of an expert opinion at some date in the future is not "a complete statement of all opinions the witness will express and the basis and reasons for them." Fed. R. Civ. P. 26(a)(2)(B). Defendants did not comply with the Court's Scheduling Order for disclosing expert witness reports. This fact alone is fatal to their present motion.

Defendants also argue Rule 35 does not contain any time limitations, and the request is not untimely because expert discovery has not yet closed. (Doc. 42 at 366.) Defendants posit that Rule 35 operates independently from other rules relating to discovery, such as Rule 30 (depositions), Rule 33 (interrogatories), Rule 34 (production of documents), and Rule 36 (requests for admission). (Doc. 42 at 366; Doc. 50 at 391.) To them, a Rule 35 examination report need not be disclosed in fact discovery nor with an expert report. (Doc. 42 at 366.)

To Plaintiff, Rule 35 does not operate independently from the other discovery rules and is subject to the normal disclosure rules for discovery materials. (Doc. 49 at 383.) A Rule 35 request should have been made and an independent medical examination conducted prior to the close of fact discovery. (*Id.* at 383-85.) To request an examination at this time is too late, particularly considering the exam is scheduled for August 7 and the expert discovery deadline is August 20, leaving little room for review of the report and deposition thereafter. (*Id.* at 383.)

The parties cite case law demonstrating district courts have taken varying approaches to this issue.  Defendants rely on *Waggoner v. Ohio Cent. R.R., Inc.*, which held "the deadline which it set in this case for the disclosure of expert reports under Rule 26(a)(2) does not apply to the issuance of a Rule 35 report" and the request for an independent medical examination after the deadline for expert disclosures was timely.  242 F.R.D. 413, 414 (S.D. Ohio 2007).  Plaintiff cites a string of cases that have held the opposite—that Rule 35 is a discovery tool subject to the same discovery time periods as other discovery devices, and therefore, examinations must be made within the normal discovery period and disclosed along with expert reports.  *See Diaz v. Con-Way Truckload, Inc.*, 279 F.R.D. 412, 419-20 (S.D. Tex. 2012) (holding Rule 35 examination request was untimely because it came after the deadline for disclosure of expert witnesses); *Shumaker v. West*, 196 F.R.D. 454, 456-57 (S.D.W. Va. 2000) (denying request for medical examination under Rule 35 because the request came five days before expert disclosure deadline); *Miksis v. Howard*, 106 F.3d 754, 758-59 (7th Cir. 1997) (affirming denial of Rule 35 examination because the request was made more than four months after fact discovery); *Garayoa v. Miami-Dade Cnty.*, No. 16-cv-20213, 2017 WL 2880094, 2017 U.S. Dist. LEXIS 103855, at *11-12 (S.D. Fla. July 6, 2017) (agreeing with "most courts that have considered this question" which have "persuasively found that Rules 26 and 35 must be read in conjunction with each other" and holding Rule 35 reports must be disclosed prior to the close of fact discovery); *see also Roberson v. Church*, No. 09-cv-372, 2009 WL 4348692, 2009 U.S. Dist. LEXIS 115781, at *4-5 (M.D. Fla. Nov. 24, 2009) (denying motion to compel medical examination because it was requested after the discovery deadline even though timely disclosed expert report cited the need to undertake examination to form expert opinions).

After reviewing the cases cited, this Court is persuaded that Rule 35 is among the discovery tools a party may use during non-expert discovery. *Diaz*, 279 F.R.D. at 418 ("A Rule 35 examination should be no different than any other discovery tool that a party would use to obtain evidence to be considered by its testifying experts in forming their opinions and creating the related reports"); *Garayoa*, 2017 WL 2880094, 2017 U.S. Dist. LEXIS 103855, at *12 ("a Rule 35 examination is no different than any other discovery tool that a party uses in obtaining evidence that a testifying expert could use in forming an opinion and creating an expert report"). As such, Rule 35 requests should be made within the timeframe set by the Court for non-expert discovery so that the necessary information is available to and included in the expert report. *Schumaker*, 196 F.R.D. at 456 (discussing Rule 26's purpose and burden on party when medical examination is necessary to form expert opinions); *see also Wright & Miller*, 8B Federal Practice and Procedure § 2234 (3d ed.) ("*Except for the discovery cutoff*, there is no time limit on when a motion for a physical or mental examination can be made.") (emphasis added); *Moore's*, 7 Moore's Federal Practice § 35.02 (2d ed.) ("a party may not seek discovery under Rule 35 . . . after the discovery cut-off date set by the court. Courts also may deny a request for a medical examination made close to the expiration of the discovery period because the expert will not have enough time to prepare the required report before it is due."). This interpretation is consistent with standard practices for discovery. It is also the only interpretation consistent with the Court's Scheduling Order. Any other interpretation would allow parties to file placeholder expert reports with no opinion at all, let alone a description of the facts relied upon to reach a stated opinion. It would also allow parties to unilaterally revise a plainly stated scheduling order, like the one at issue here.

Defendants' emphasis on the need for an independent medical examination only underscores their lack of due diligence.  Defendant argues an examination is necessary because "Plaintiff's Complaint in this action wholly centers on claims for physical injury . . . attributable to a head/neck/spinal cord injury which he allegedly sustained at the Lorain County Jail[.]"  (Doc. 42 at 365.)  "Unequivocally," Defendants say, "the general nature of the claims defining this action demonstrates that Plaintiff Jeffrey Fry's alleged physical condition is 'in controversy[.]'"  (*Id.*)

As Defendants recognize, Plaintiff's medical status has been an issue in this case from the start.  (Doc. 18 at ¶ 6.)  Defendants admit their Rule 35 request should have been made sooner, even calling it "preferable."  (Doc. 42 at 367.)  Despite Defendants' awareness of Plaintiff's alleged injuries, and despite the ample time provided through multiple extensions of the Court's scheduling orders, Defendants failed to request a medical examination until five months after the end of fact discovery, two and a half months after expert disclosures, and just one month before the close of expert discovery altogether.  Simply stated, Defendants eleventh-hour request could have and should have been avoided.  The information before the Court leads to the conclusion that Defendants have not been diligent in their discovery efforts.  The lack of due diligence in seeking the independent medical examination is another basis on which to deny the request.  *See Diaz*, 279 F.R.D. at 419-20 (citing defendants' knowledge a medical examination would be necessary as a reason to deny untimely Rule 35 examination request); *Miksis*, 106 F.3d at 759 (describing defendants' action as "far from diligent" and that the "district court acted well within its discretion when it denied defendants' untimely motion for a medical examination").

### III. <u>CONCLUSION</u>

For the reasons set forth herein, the Motion of Lorain County Sheriff's Officer Defendants Pursuant to Fed. R. Civ. P. 35(a) for an Order Directing Plaintiff Jeffrey Fry to Submit to Medical Examination (Doc. 42) is DENIED.

**IT IS SO ORDERED.**

Date:   August 4, 2025

_____
BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE